**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MORGAN HARRIS | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| ADT LLC and | : | |
| ADT LLC PROTECTION ONE SEVERANCE | : | |
| PLAN | : | No:   **20     140** |
| | : | |
| Defendants. | : | |

**FILED**

**JAN 0 7 2020**

KATE BARKMAN, Clerk
By_____Dep. Clerk

**COMPLAINT**

## A.     PARTIES

1.      Plaintiff Morgan Harris is an adult individual and former employee of ADT LLC.

2.      Defendant ADT LLC ("ADT") is a Delaware corporation with offices located at 1501 Yamato Road, Boca Raton, FL 33431.

## B.     JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's claim under ERISA for denied benefits pursuant to 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. 1331.

4.      Venue is properly invoked in this district pursuant to 28 U.S.C. 1391 because Plaintiff accrued his severance benefit under the Severance Plan while living in Pennsylvania, and the Plan has significant contacts in this district with participants who reside here.

5.      Plaintiff exhausted his administrative remedies pursuant to the terms of the Severance Plan.

## C.     FACTS

6.      Mr. Harris was employed by ADT from September 1, 2012 through August 1, 2019 in the position of Senior Director Enterprise Solutions.

7.     ADT LLC provides security services to individuals and commercial entities.

8.     On or about July 17, 2019, ADT terminated Mr. Harris's employment with the company effective August 1, 2019, and, in conjunction therewith, presented a severance agreement to Harris.

9.     The severance agreement was presented to Mr. Harris pursuant to the ADT LLC Protection One Severance Plan. ("Severance Plan").

10.    ADT established the Severance Plan for the purpose of providing severance benefits to certain employees of ADT.

11.    ADT states in the Severance Plan that the Severance Plan constitutes a formal employee welfare benefit plan under the Employee Retirement Income Act of 1974 ("ERISA").

12.    Harris is a participant pursuant to the terms of the Severance Plan and as set forth in the proposed severance agreement.

13.    Pursuant to Section 3.01 of the Severance Plan, the amount of severance pay (severance benefit) payable to a participant shall be calculated based upon the participant/employee's years of service corresponding to the employee's job classification and pay grade level.

14.    The severance benefit Harris is entitled to receive pursuant to the Severance Plan is in the amount of $67,166.67 ("Severance Benefit").

15.    Section 2.03 of the Severance Plan states, in pertinent part: "no Benefits shall be due or paid under the Plan to any Employee, unless the Employee executes (and does not rescind) a written waiver and release, in a form prescribed by the Company, of any and all claims…".

16.　The severance agreement presented to Harris included not only a written waiver and release but also included significant restrictive covenants.

17.　Paragraphs 3(b) and (c) of the proposed severance agreement included a non-solicitation clause and a non-competition clause, respectively.

18.　Pursuant to Paragraph 3(c) of the severance agreement Harris would be precluded from working in his chosen field for one (1) year following the date of termination.

19.　There is no language in the Severance Plan that requires an employee to enter into a post-employment restrictive covenant in order to receive the promised Severance Benefit.

20.　Promptly after receiving the proposed severance agreement, Harris informed ADT that he would not agree to the restrictive covenants contained in the severance agreement but would agree to the release and waiver, as required by the Severance Plan.

21.　ADT refused to remove the restrictive covenants from the severance agreement and refused to pay Harris the Severance Benefit.

22.　ADT also communicated that the Severance Plan is an ERISA Plan and any claim regarding the determination of benefits must be made to the Plan Administrator.

23.　On or about September 18, 2019, Harris submitted a timely written claim of the determination of benefits under the Severance Plan to Amelia Pulliam as well as to outside counsel for ADT, pursuant to Section 7.01 of the Severance Plan ("Claim").

24.　Section 7.02 of the Severance Plan dictates that the Plan Administrator shall have 90 days to deny such Claim and was required to notify Harris in writing of the denial of the Claim.

25.　ADT failed to respond to the Claim in any manner.

26.　Harris has exhausted administrative remedies, to the extent any apply.

27.     To the extent the Severance Plan fails to qualify as a formal employee welfare benefit plan under ERISA, ADT owes Harris the Severance Benefit pursuant to the Pennsylvania Wage Payment and Collection Law.

28.     Despite repeated demands, ADT without justification and in bad faith, has failed and refused to pay Harris the monies due and owing to him pursuant to the Severance Plan.

## COUNT I
## IMPROPER DENIAL OF BENEFITS PURSUANT TO THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT

29.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth at length herein.

30.     Defendant ADT violated the terms of the Severance Plan by failing to pay the Severance Benefit to Plaintiff.

31.     Defendant ADT violated the terms of the Severance Plan by requiring Plaintiff submit to restrictive covenants, which are not included in the terms of the Severance Plan.

32.     In accordance with the Severance Plan's terms, and ERISA, Plaintiff is entitled to full payment of the Severance Benefit.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

33.     Plaintiff incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

34.     At all times material hereto, Plaintiff was an "employee" of ADT as defined by the Pennsylvania Wage Payment and Collection Law ("WPCL"), *43 P.S. §260.1 et seq.*

35.     At all times material hereto, ADT was Plaintiff's "employer" as defined by the WPCL.

36.     The foregoing severance amounts due and owing to Plaintiff constitute "wages" as defined by the WPCL.

37.     To date, Defendant ADT has failed and refused to pay Plaintiff the wages to which he is contractually entitled under the Severance Plan.

38.     Defendant's refusal to pay Plaintiff is without justification and in bad faith, thereby entitling Plaintiff to liquidated damages in the amount of twenty-five percent (25%) of the total wages due and owing to him under the Severance Plan plus attorney's fees pursuant to the WPCL.

## COUNT III
## BREACH OF CONTRACT

39.     Plaintiff incorporates Paragraphs 1 through 28 of the Complaint as if fully set forth at length herein.

40.     Defendant ADT entered into a binding and enforceable agreement, the Severance Plan.

41.     The terms and conditions of the Severance Plan require Defendant to make timely severance payment to Plaintiff.

42.     Despite repeated demands by Plaintiff for payment of the severance, Defendant has failed, refused and neglected to tender payment in full and presently owes Plaintiff the unpaid amounts set forth above.

43.     The failure and refusal of Defendant to tender payment in full as required under the Severance Plan constitutes a breach of contract.

44.     As a direct and proximate result of the breach of contract by Defendant, Plaintiff has suffered substantial losses including, but not limited to unpaid severance.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Morgan Harris, respectfully requests that this Court:

         A. Enter a declaratory judgement that Plaintiff is entitled to Severance Benefits under the terms of the Severance Plan;

         B. Require the Severance Plan to issue the Severance Benefit immediately;

         C. Grant to Plaintiff all penalties, costs, disbursements and reasonable attorneys' fees relating to his claim for benefits;

         D. Grant Plaintiff prejudgment interest;

         E. In the alternative, require ADT LLC to pay Plaintiff the Severance Benefit pursuant to the Pennsylvania Wage Payment and Collection Law along with liquidated damages, costs, disbursements and reasonable attorneys' fees;

         F. And grant Plaintiff such additional relief as this Court deems appropriate.

Respectfully submitted,

**LAMB McERLANE PC**

Date: 1/6/20

By: _____

         Mary-Ellen H. Allen, I.D No. 83885
         24 E. Market Street
         West Chester, PA 19381
         610-430-8000
         *Attorney for Plaintiff*
         *Morgan Harris*

JS 44 (Rev. 02/19)

**CIVIL COVER SHEET**

20 140

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Morgan Harris

**DEFENDANTS**
ADT LLC and ADT LLC Protection One Severance Plan

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary-Ellen H. Allen
24 E. Market Street, West Chester, PA 19381 (610)430-8000

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC Section 1001, et seq.
Brief description of cause:
Failure to Pay Benefits Under ERISA Plan

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
01/06/2020
SIGNATURE OF ATTORNEY OF RECORD

JAN -7 2020

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**20    140**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 870 West Street Road, West Chester, PA 19382 _____

Address of Defendant: _____ 1501 Yamato Road, Boca Raton, FL 33431 _____

Place of Accident, Incident or Transaction. _____ Chester County, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge: _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/06/2020 _____ _____  83885

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☑ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify).* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE. A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Morgan Harris | : | CIVIL ACTION |
| v. | : | **20  140** |
| ADT LLC and ADT LLC Protection : | | NO. |
| One Severance Plan | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| | | |
|---|---|---|
| 1/6/20 | | Morgan Harris |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-430-8000 | 610-696-6668 | mallen@lambmcerlane.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -7 2020